[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a jury trial, defendant-appellant Jemarco Burnett was convicted of two counts of felonious assault in violation of R.C.2903.11(A)(1) and (A)(2). In his appeal, Burnett raises two assignments of error: (1) the trial court erred by allowing the state to dismiss a black juror; and (2) his convictions were against the weight of the evidence. We find no merit in the assignments of error.
In his first assignment of error, Burnett asserts that the state's use of a peremptory challenge to remove a prospective juror was racially motivated. A review of the transcript of the proceedings reveals that, as the trial court chose to accept the race-neutral explanation given by the state for the exclusion of the prospective juror, see State v. White
(1999), 85 Ohio St.3d 433, 709 N.E.2d 476, this court will not disturb that ruling absent a demonstration that it was clearly erroneous. SeeHernandez v. New York (1991), 500 U.S. 352, 369, 111 S.Ct. 1859, 1871; see, also, State v. Raglin (1998), 83 Ohio St.3d 253, 699 N.E.2d 482. Because we cannot say that the trial court clearly erred by accepting the state's explanation, the assignment of error is without merit.
In his second assignment of error, Burnett challenges the weight of the evidence supporting his convictions. We have reviewed the entire record, weighed the evidence and all reasonable inferences, considered the credibility of the witnesses, and have determined that the trier of fact did not clearly lose its way and create a miscarriage of justice in resolving the conflicts in the evidence. See State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546. We overrule Burnett's second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.